UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENYA L. WHITE,

    Plaintiff,

v.

CITY OF RACINE,
ART HOWELL,
JUDGE CHARLES CONSTANTINE,
OFFICER TREDO,
OFFICER RASMUSSEN, and
UNKNOWN,
    Sued as "unknown uniformed officers,

    Defendants.

Case No. 14-cv-1122-PP

**ORDER GRANTING THE PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2) AND SCREENING PLAINTIFF'S COMPLAINT**

On September 15, 2014, plaintiff Kenya L. White, representing himself, filed a civil rights complaint pursuant to 42 U.S.C. §1983. Dkt. No. 1. The plaintiff is incarcerated at Stanley Correctional Institution. Id. at 1. The complaint alleges that on March 11, 2009, officers of the Racine Police Department approached him. He alleges that his attempts to clarify what they wanted failed, and the plaintiff ran from them, on foot. The plaintiff alleges that the officers caught up with him, then beat him severely and twice subjected him to a Taser. The plaintiff recounts that he suffered severe injuries as a result of this incident, including a fractured nose, lacerations, and bruising. The complaint alleges that the officers' actions constituted excessive force, constituted an unlawful seizure, and violated his rights under the Fourth, Fifth

1

and Fourteenth Amendments. Id. at Addendum A. The plaintiff also alleges that Racine Police Department, and its chief of police, defendant Art Howell, have long engaged in a pattern and practice of civil rights violations such as the one the plaintiff alleges, and that defendant City of Racine has failed to intervene and oversee that department. He alleges that the police chief and the City failed to adequately train and supervise officers, allowing this pattern and practice. Id.

## The Plaintiff's Motion to Proceed *In Forma Pauperis*

On September 17, 2014, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $3.29 under 28 U.S.C. §1915(b)(1). Dkt. No. 5. The plaintiff paid that initial partial filing fee on September 30, 2014. Accordingly, pursuant to §1915(b)(2), the court will grant the plaintiff's motion to proceed without pre-paying the filing fee, and will allow the plaintiff to pay the balance of the $350 filing fee over time from his prisoner account, as described at the end of this order.

## Review of the Plaintiff's Complaint

Section 1915(A) of Title 28 requires courts to screen, "as soon as practicable after docketing," any complaint filed by a prisoner who is seeking redress from a government agency, or the officer or employee of a government agency. The court must dismiss a complaint, or a part of it, if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

2

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The

3

complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in *Twombly*; first, the court must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. *Id.* Second, if there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant(s): 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that the defendant Racine police officers illegally stopped him, in violation of the Fourth Amendment to the Constitution. That constitutes a claim that the officers deprived him of a constitutional right while acting under color of state law. He also alleges that the officers beat him during that stop, which constitutes a claim that the officers violated his right against

4

unreasonable seizure, also in violation of the Fourth Amendment. He also alleges that the officers violated his rights to due process of the law under the Fifth and Fourteenth Amendments.

The court finds that the plaintiff has stated colorable claims against unknown uniformed police officers, Officer Rasmussen, and Officer Tredo, all of whom were officers of the Racine Police Department. The court also finds that the plaintiff has stated colorable claims against defendants Howell and the City of Racine. Accordingly, the court will allow the plaintiff to proceed with his Fourth, Fifth and Fourteenth Amendment claims against these defendants. The court notes that the plaintiff will need to use the discovery process to identify the unknown uniformed officers. The plaintiff will receive information about the discovery process in a scheduling order that the court will issue later in the case.

The court finds that the plaintiff's twenty-five pages of factual allegations do not contain any factual allegations against defendant Judge Charles Constantine. Accordingly, the court will dismiss Judge Charles Constantine as a defendant.

## Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 2.

The court **ORDERS** that the plaintiff may proceed on his Fourth, Fifth and Fourteenth Amendment claims against the City of Racine, Art Howell, Officer Tredo, Officer Rasmussen, and the unknown uniformed officers.

5

The court **DISMISSES** Judge Charles Constantine as a defendant in this action.

The court **ORDERS** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants named in the complaint, pursuant to Federal Rule of Civil Procedure 4. The court advises the plaintiff that Congress requires the U.S. Marshal's Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshal's Service precisely because *in forma pauperis* plaintiffs are indigent, it has not allowed either the court or the U.S. Marshal's Service to waive these fees.

The court **ORDERS** that the defendants shall answer or otherwise respond to the complaint within the time period prescribed by Fed. R. Civ. P. 12(a).

The court **ORDERS** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the $350 filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The Secretary must clearly identify the payments by the case name and number.

The court will send a copy of this order to the institution where the plaintiff is in custody.

The court further **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.**
It will only delay the processing of the matter. Because the clerk's office will electronically scan and enter on the docket each filing when the clerk receives it, the plaintiff does not need to mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff also should keep a personal copy of each document filed with the court.

The court further advises the plaintiff that if he fails to file pleadings by the deadlines required by the court, the statutes and the rules, it may result in the dismissal of his case for failure to prosecute. The parties also must notify

the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee this 26th day of May, 2015.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Court Judge**