UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**KENYA WHITE**,

          Plaintiff,

v.                             **Case No. 14-cv-1122-pp**

**CITY OF RACINE, et al.,**

          Defendant.

**DECISION AND ORDER DENYING
PLAINTIFF'S MOTION TO SUPPLEMENT HIS COMPLAINT**

In September 2014, Kenya White, who is representing himself, filed a civil rights complaint pursuant to 42 U.S.C. §1983, alleging that his constitutional rights were violated when police officers beat him and subjected him to a Taser. Dkt. No. 1. The court screened the plaintiff's complaint and found that he could proceed on his claims against the police officers (some of whom were unknown to the plaintiff). The court also found that the plaintiff had stated claims against the City of Racine and the chief of police of the Racine Police Department based on the plaintiff's allegations that a pattern and practice of civil rights violations has existed for a long time and that the City has failed to intervene. Dkt. No. 8.

On June 15, 2015, the plaintiff filed a "Motion to Supplement," notifying the court that he wished to sue defendants Art Howell, Officer Tredo and Rasmussen in both their individual and official capacities. He also "volunteered" to dismiss the "Unknown Uniformed Officers" as defendants.

1

With regard to the plaintiff's offer to dismiss the unknown uniformed officers, Fed. R. Civ. P. 41(a)(1)(A) states that if a plaintiff seeks to dismiss a defendant before that defendant has filed an answer to the complaint, the defendant will be dismissed without court order. The court construes the plaintiff's June 15, 2015 motion as a motion to voluntarily dismiss the unknown uniformed officers as defendants, and they will be dismissed.

The court will not, however, grant the plaintiff's motion to supplement the complaint with regard to Howell, Tredo and Rasumssen. The distinction between official capacity and individual capacity is significant. "Personal-capacity suits seek to impose liability upon a government official for actions he takes under color of state law. . . . Official capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S.159, 166 (1985)). In other words, a personal-capacity suit is appropriate when an official, acting under the color of state law, personally deprives a plaintiff of a federal right. *Id.* On the other hand, an official-capacity suit is appropriate when the defendant is only executing or implementing the official policy or custom of a government entity. *Id.*

Here, the plaintiff has stated a claim against the City of Racine, alleging that it was deliberately indifferent to the Racine Police Department's alleged custom of engaging in civil rights violations similar to those alleged in the plaintiff's complaint. In addition, the complaint alleged an individual-capacity

2

claim against Art Howell based on plaintiff's allegations that Howell had personally created a policy encouraging such civil rights violations, and alleged individual-capacity claims against Officers Tredo and Rasmussen based on the plaintiff's allegations that they personally violated the plaintiff's civil rights when they beat the plaintiff and subjected him to a Taser.

Given that the City of Racine already is a defendant, the plaintiff would gain nothing from supplementing his complaint to add official-capacity suits against Howell, Tredo, and Rasmussen. Alleging official-capacity suits against these defendants would be redundant, because official-capacity suits against these defendants actually would be suits against the underlying government entity, *i.e.*, the City of Racine. So there is no need for plaintiff to supplement his complaint to add official-capacity suits against the named individual defendants.

The court **DENIES** the plaintiff's motion to supplement (ECF No. 9).

Dated at Milwaukee this 17th day of June, 2015.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Court Judge**